OPINION OF THE COURT
Jasen, J.
We are asked to pass on the question of whether a defendant, incarcerated pending trial on a charge for which he was represented by counsel, may waive, in the absence of an attorney, his right to counsel at a lineup, held in an unrelated investigation, in which his presence was secured pursuant to a court order of removal.
On May 21, 1974, a robbery occurred at a bar in Queens County. Two witnesses to the robbery identified defendant from a photographic display shown to them on May 22, 1974. As a result of these identifications, two lineups were held on May 28, 1974 to allow the witnesses an opportunity to identify the defendant in person. At the time of the lineups, defendant was incarcerated in the Queens House of Detention on an unrelated charge. To secure his presence in the lineups, the police obtained an ex parte order from the Criminal Court of the City of New York directing defendant’s removal from the detention center. At each of the lineups conducted, defendant was identified by the witnesses. On the basis of these identifications, as well as the earlier photographic identifications, defendant was indicted on May 29, 1974.
At a hearing held to determine the admissibility of these identifications, the photographic identifications were suppressed as suggestive; however, the lineup identifications were held admissible. Subsequently, after a jury trial, the defendant was convicted of two counts of robbery in the first degree. The Appellate Division affirmed, with two Justices dissenting.
 Cognizant of the dangers of misidentification and *225 suggestive procedures which may accompany a corporeal viewing, the Supreme Court has held that a postindictment lineup is a critical stage, at which point the accused has a right to have counsel present at the identification. (United States v Wade, 388 US 218; Gilbert v California, 388 US 263, 272.) The rule has been refined in Kirby v Illinois (406 US 682, 688), where the Supreme Court held that an accused’s right "to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him.” (See People v Blake, 35 NY2d 331, 335.) In acknowledging the difficulty in determining the exact moment at which the right to counsel attaches, the court noted that in all those cases in which the right to counsel has been found to attach, adversary judicial proceedings have been initiated either by "formal charge, preliminary hearing, indictment, information, or arraignment.” (Kirby v Illinois, 406 US, at p 689, supra; see People v Blake, 35 NY2d, at p 335, supra.)
Interpreting the Federal mandate formulated in Kirby, we held that a criminal proceeding is initiated in New York by the filing of an accusatory instrument. (People v Blake, 35 NY2d, at p 339, supra.) "Consequently, upon the filing of an accusatory instrument, whether or not a lawyer has been retained or assigned for general purposes, there may not be, except in exigent circumstances, a corporeal viewing of the defendant for identification purposes in the absence of counsel” (People v Blake, 35 NY2d, at p 340, supra).
 Although in Blake the commencement of adversary judicial proceedings was equated with the filing of an accusatory instrument, it has been recognized that the filing of an instrument other than one forming the basis of an arraignment or issuance of an arrest warrant, may nevertheless constitute a "formal” proceeding triggering an accused’s right to counsel. In People v Sugden (35 NY2d 453, 461), we held that a court order directing the removal of a defendant serving a sentence on an unrelated charge requiring him to visit the scene of a crime he was alleged to have committed, was "sufficiently 'judicial’ in nature, not unlike arraignment or the issuance of an arrest warrant, so that a right to counsel exists at 'critical stages’ held after tht order is issued (see People v. Blake, 35 N Y 2d 331; People v. Waterman, 9 N Y 2d 561, 565-566; see, also, Kirby v. Illinois, 406 U. S. 682, 689-690; Massiah v. United States, 377 U. S. 201, 205-297).” In Sugden, we did not reach the question whether a defendant may waive *226 the right to counsel after it has attached as a result of a judicial order of removal. Today we reach this question and decide that the right to counsel may be waived notwithstanding the absence of counsel whom a defendant had retained with respect to a wholly unrelated charge.
At the time the police secured the presence of defendant at the lineup, pursuant to a court order of removal, he was incarcerated pending trial on an unrelated charge. Although the defendant was represented by counsel on the unrelated charge—a fact which the police admittedly were aware of—he was not represented by counsel in the investigation of the robbery complaint for which the lineup order was obtained. For this reason People v Hobson (39 NY2d 479) is not, as appellant would contend, dispositive of the permissibility of a waiver of the right to counsel.
In Hobson, where an attorney had been appointed to represent the defendant during a lineup, we held that defendant, while being held in custody and questioned by a police officer, could not thereafter waive his right to counsel in the absence of his attorney. In reaffirming the vitality of the Donovan-Arthur principle (see People v Arthur, 22 NY2d 325; People v Vella, 21 NY2d 249; People v Donovan, 13 NY2d 148), we said that "[o]nce a lawyer has entered a criminal proceeding representing a defendant in connection with criminal charges under investigation, the defendant in custody may not waive his right to counsel in the absence of the lawyer. (People v Arthur, 22 NY2d 325, 329).” (39 NY2d, at p 481, supra.)
The difference between defendant Hobson and this defendant is that here no attorney had entered the criminal proceeding in which the police, as part of their investigation of the robbery complaint, secured the presence of the defendant in a lineup. The fact that defendant was represented by counsel in a proceeding unrelated to charges under investigation is not sufficient to invoke the rule that, once a lawyer has entered a criminal proceeding representing a defendant on a charge under investigation, the defendant may not waive his right to counsel in the absence of the attorney. The representation by counsel must be in the same or related investigation or proceeding. Certainly, the presence of counsel in an unrelated proceeding does not "immunize the defendant from normal, good faith, investigation” of other criminal activity. (People v Clark, 41 NY2d 612, 615.) Since no lawyer representing the defendant had entered the criminal proceedings involving the *227 investigation of the robbery complaint at the time the lineup order was obtained, the defendant could waive his right to counsel.
Although the defendant may validly waive his right to counsel under the circumstances presented, there still remains the question of whether the defendant did waive his right to counsel, as the People contend. The testimony of the police officer revealed that the defendant was informed that he,was a suspect in the Queens robbery and in conjunction with this investigation he would be placed in a lineup. He was also informed that he had a right to have an attorney present at the lineup. In response to this information, defendant apparently nodded his head affirmatively, a reaction which the police officer assumed to indicate that the defendant understood his rights. When asked whether he desired to have an attorney present, however, the defendant nodded negatively, apparently indicating, at least in the mind of the police officer, that he had waived his rights. Notwithstanding the absence of a verbal request for an attorney, the defendant refused to sign a statement acknowledging that he had been informed of his right to counsel.
Whether the defendant validly waived his right to counsel is a question which must be resolved in light of the totality of the circumstances surrounding the alleged waiver. The defendant’s conduct in response to the police officer’s inquiry—whether he wanted an attorney present—cannot be divorced from his refusal to sign a statement indicating that he had been informed of this right. Before a waiver of the right to counsel will be upheld, it must be shown that it was voluntarily and intelligently made. (People v Paulin, 25 NY2d 445, 450.) In light of the equivocal conduct of the defendant in refusing to sign a waiver statement, we hold that the prosecution has failed, as a matter of law, to establish that the defendant voluntarily and intelligently waived his right to counsel.
Accordingly, the order of the Appellate Division should be reversed, a new trial ordered, and the identifications of defendant in the lineups suppressed.