■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL COWAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 8, 1976, convicting him of burglary in the second degree, petit larceny and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal also brings up for review the denial, after a hearing, of defendant's motion to suppress oral and physical evidence. Judgment affirmed. Police officers arriving at the scene of a burglary in progress apprehended the appellant as he attempted to escape through an open window in the back of the burglarized apartment. At the moment the appellant was forcibly seized, Officer Noblin observed him drop a blue bag near the window inside the apartment. It is undisputed that upon being taken back to the complainant's apartment, and prior to being advised of his *Miranda* rights, the appellant was asked by Officer Noblin what he had done with the money he had taken. Appellant responded that

it was in the "blue bag in a corner by the window". This remark was not suppressed following the suppression hearing. The appellant was thereafter convicted of burglary in the second degree, petit larceny and possession of burglar's tools after a trial at which the remark was introduced. The oral inculpatory admission to Officer Noblin as to where the fruits of the aborted crime could be found should have been suppressed. The appellant was under actual arrest and handcuffed; hence, the constitutional protections under *Miranda* had already begun to operate. Nevertheless, in the light of the fact that the appellant was captured halfway out the window, and was actually seen dropping the bag of money, the admission of this oral inculpatory statement at the trial was an error which was harmless beyond a reasonable doubt (see *Chapman v California,* 386 US 18, 22); there is "no reasonable possibility that the erroneously admitted evidence contributed to the conviction" (see *People v Almestica,* 42 NY2d 222, 226). Furthermore, even absent this admission, the blue bag containing the fruits of the crime would have been "inevitably discovered" by the police in the course of their routine investigation of the burglary (see *People v Fitzpatrick,* 32 NY2d 499, 506-507, cert den 414 US 1033; cf. *People v Simms,* 57 AD2d 579). Accordingly, the conviction must stand. Latham, J. P., Cohalan, Margett and Damiani, JJ., concur.