■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE CLARK, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered April 26, 1977, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Martuscello, J. P., Rabin, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES R. EVANS, Appellant.—By order dated November 28, 1977, this court granted defendant's motion to reargue a prior order of this court, dated September 26, 1977, which affirmed a judgment of the Supreme Court, Richmond County, rendered January 16, 1976, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Upon reargument, the court adheres to its original determination dated September 26, 1977. Defendant, while in custody on charges for which he was represented by counsel, was, pursuant to a court order, placed in a lineup in the course of a police investigation of the crime which resulted in the charges herein. Defendant, *inter alia*, contends on reargument that the failure of the People to notify his counsel of the proposed lineup, so that the attorney could have argued whether a lineup should have been held and could have represented him thereat, requires the exclusion of the in-court identifications. Although the People had no duty to notify the attorney who was representing defendant on the unrelated charges for which he was already in custody of the proposed lineup (see *People v Coleman*, 43 NY2d 222), nevertheless, in view of the holdings in *People v Coleman (supra)* and *People v Sugden* (35 NY2d 453), defendant should have been advised that he had a right to the assistance of counsel at the lineup. We nevertheless affirm the conviction. It is clear that the in-court identifications had an independent source and were untainted. The proof of defendant's guilt was strong. Therefore, any error committed in the lineup procedure was harmless (cf. *People v Almestica*, 42 NY2d 222; *People v Crimmins*, 36 NY2d 230). We have examined defendant's other contentions and find them to be without merit. Titone, J. P., Suozzi, Cohalan and Hawkins, JJ., concur.