OPINION OF THE COURT
Memorandum.
In People v Coleman (43 NY2d 222) we held that an order directing a defendant to appear in a lineup was " 'sufficiently "judicial” in nature, not unlike arraignment or the issuance of an arrest warrant, so that a right to counsel exists at "critical stages” held after that order is issued’ ” (id., at p 225 quoting *964 from People v Sugden, 35 NY2d 453, 461). Hence, appellant had the right to the presence of counsel at the lineup, the denial of which requires suppression of the identification made at that time.*
Inasmuch as the error is of constitutional magnitude, a reversal and a new trial is required unless it can be said beyond a reasonable doubt that the error did not contribute to the conviction (People v Almestica, 42 NY2d 222; People v Crimmins, 36 NY2d 2310). The evidence here, as the People in fairness concede, was far short of the requisite standard.
However, although there was only one identifying witness and his testimony concerning the lineup must be suppressed, we do not dismiss the indictment. The trial court found that his original observations at the scene of the crime provided an untainted independent source for his in-court identification and there is no basis upon which to overturn that factual finding (see People v Ramos, 42 NY2d 834; People v Cobenais, 39 NY2d 968; People v Ballott, 20 NY2d 600).
Finally, it is not to be assumed, from the fact that our vote to reverse makes it unnecessary to determine whether the point has been preserved for review, that we find it was proper for the prosecution, in disregard of the trial court’s ruling, to cross-examine defendant on another pending charge primarily to suggest a propensity to commit the crime for which he was being tried (see People v Mayrant, 43 NY2d 236, 239; People v Sandoval, 34 NY2d 371, 377).
The order of the Appellate Division should be reversed and a new trial ordered.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.

 While Coleman also recognized that a defendant could waive his right to counsel in his attorney’s absence, there is no evidence of such a waiver here and the People do not claim that appellant did so.