■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY PICKETT, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 17, 1976, convicting defendant, on his plea of guilty to the crime of robbery in the first degree, and sentencing him to an indeterminate term of imprisonment of from 6 to 12 years, affirmed. Defendant was indicted along with a codefendant for two counts of robbery in the first degree and one count of criminal possession of a weapon in the second degree. The victim gave a detailed description of the robbers to the police. The detective who was assigned to the case saw the defendant by chance in the police precinct, in custody, on an unrelated robbery charge in which he had counsel. He realized that the defendant fit the description provided by the victim and he arranged a lineup in which the defendant was permitted to select his place in the lineup. The defendant was identified by the victim and on the basis of his and other witnesses' testimony, the Court determined that the out-of-court identification was valid. There is no dispute that on the facts adduced at the hearing there was probable cause for the police to place the defendant in a lineup. The defendant herein was not represented by counsel during the lineup and the Trial Justice denied suppression because the lineup was conducted during the investigatory or prearraignment stage, finding that counsel was not required. (Kirby v Illinois, 406 US 682; People v Blake, 35 NY2d 331.) Defendant's first point on appeal is that the police had no probable cause for a lineup. We come to a contrary conclusion. Defendant concedes that the arrest, which brought him to the precinct on the day in question, was lawful. The description that complainant gave to the police, the description of the crime, and its location, gave the police sufficient probable cause to suspect defendant in this case. Clearly, since defendant was already in police custody on an unrelated charge, placing him in a lineup for the first robbery presents a much lesser intrusion on his legal rights than an arrest or a detention for the limited purpose of investigation. (People v Perel, 34 NY2d 462.) The dissent asserts that People v Coleman (43 NY2d 222) mandates that when a defendant is held in custody on an unrelated charge he may not be placed in a lineup without being given the opportunity to have counsel present. We disagree. In Coleman (supra), the defendant's presence was secured pursuant to a court order of removal, which triggered the accused's right to counsel. (People v Sugden, 35 NY2d 453.) Here the right to counsel did not attach since no adversary judicial proceedings were initiated either by formal charge, preliminary hearing, indictment, information or arraignment. The matter was still in the investigative stage (Kirby v Illinois, supra, p 689). Since no court order was required to produce the defendant at the lineup, the right to counsel had not been triggered. (People v Coleman, supra.) Concur—Sullivan, Bloom, Markewich and Ross, JJ.

Fein, J. P., dissents in a memorandum. Defendant appeals from a judgment convicting him upon his plea of guilty to the crime of robbery in the first degree and sentencing him to a term of 6 to 12 years. The issue is the denial of defendant's motion to suppress an out-of-court lineup identification. Defendant, in custody at the police precinct on an unrelated robbery charge, subsequently dismissed, was required to submit to a lineup at the precinct with respect to the robbery, the subject of this action. The victim of the robbery identified defendant as one of the three robbers. It is undisputed that he was neither advised of the right to have counsel present at the lineup nor afforded an opportunity to obtain counsel. There was no waiver. The suppression Justice denied the motion to suppress in part upon the

ground that defendant was not entitled to have counsel present because "the line-up was conducted during the investigatory or pre-arraignment stage for which counsel is not required. *(Kirby v Illinois,* 40 U.S.L.W. 4607; see also *Sobel-Eye Witness Identification,* section 17; *People v Blake,* 35 NY2d 331)." The majority in affirming adopts that view. I disagree. In *Blake (supra),* the viewings took place approximately two hours after defendant's arrest but prior to his arraignment on the very case for which he had been arrested and with respect to which the identification was made. The court ruled that in such circumstances, "the presence of counsel is not mandated, but is desirable." *(People v Blake,* 35 NY2d 331, 340.) Here, as noted, defendant was in custody on an unrelated charge. The suppression court ruled that because of "the description of the perpetrators by Mr. Mirone, the close proximity of the two-holdups,—and the similarities in the robberies themselves and the weapons used and so forth, Detective Taylor had probable cause to order a line-up." However, the fact that there may have been a sufficient basis for a lineup is not dispositive of defendant's right to have counsel present at the lineup. In *People v Coleman* (43 NY2d 222), defendant was incarcerated in the Queens House of Detention. To secure his presence at lineups on an unrelated charge, the police obtained an ex parte order from the Criminal Court of the City of New York directing defendant's removal from the detention center to the place where the lineups were conducted. It was held that a court order of removal of a defendant held on an unrelated charge is "sufficiently 'judicial' in nature * * * so that a right to counsel exists" at so critical a stage as a lineup. *(People v Coleman,* 43 NY2d, *supra,* p 225; *People v Sudgen,* 35 NY2d 453, 461.) Finding that there was no waiver, the court reversed the conviction, directed a new trial and the suppression of the lineup identifications. Concededly no court order directing transfer or removal of the defendant was obtained here. None was necessary because defendant was in custody in the very police precinct in which the lineup was held, albeit on an unrelated charge. With respect to this defendant the lineup was just as "critical" as it was to *Coleman (supra).* The rationale of *Coleman* compels the conclusion that where a defendant is held in custody on an unrelated charge he may not be subjected to a lineup without being afforded an opportunity to have counsel present. As noted in *Coleman (supra),* the court order of removal was not an accusatory instrument. The happenstance that this defendant was being held in the same precinct on an unrelated charge, thus obviating the need for a court order, should not be determinative. All of the reasons for the presence of counsel at a lineup identification are equally applicable in either case. None of the "narrowly-exigent circumstances" envisioned in *Blake* (35 NY2d 331, 340, *supra)* were present here. The witness was not in the hospital, nor *in extremis,* nor was this a viewing on the scene or immediately after the commission of the crime. The lineup was some days later. Defendant was entitled to have counsel present and to be advised of such right. Accordingly, the judgment (Supreme Court, Bronx County), rendered December 17, 1976, convicting defendant upon his plea of guilty to robbery in the first degree and imposing an indeterminate sentence as a second felony offender of 6 to 12 years, should be reversed, on the law, the plea vacated, the motion to suppress granted and the action remanded for further proceedings not inconsistent herewith.