■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BUSIELLO, Appellant.—Appeal by defendant from a judgment of the Su-

preme Court, Suffolk County, rendered June 23, 1978, convicting him of robbery in the first degree upon a jury verdict, and imposing sentence. Judgment affirmed. At 3:30 P.M. on June 14, 1977 defendant was arrested by Detective Carmine Macchia for a robbery committed earlier that day. At the time there were two burglary charges pending against defendant. After being advised of his *Miranda* rights defendant stated that he was represented by an attorney in other pending cases and that it ws not necessary for him to talk to an attorney in connection with this case. At approximately 4:00 P.M. Macchia left the police precinct in order to locate other participants in the robbery. Defendant was left under the supervision of Detectives Richard A. Jensen and John Gozelski. During this time he asked to call an attorney and was permitted to do so. At 7:00 P.M. Macchia returned to the police station. He again advised defendant of his rights which were again waived. Thereafter defendant made a statement in which he confessed. Defendant contends that his statement should be suppressed since he had contacted a lawyer and he could not waive his right to counsel except in the presence of the lawyer. In our view Criminal Term correctly held that the statement was admissible. It is true that "once the police have been apprised that a lawyer has undertaken to represent a defendant in custody in connection with criminal charges under investigation, the person so held may not validly waive the assistance of counsel except in the presence of the lawyer *(People v Hobson,* 39 NY2d 479, 491; *People v Arthur,* 22 NY2d 329)" *(People v Garofolo,* 46 NY2d 592, 599). However, this rule is inapplicable to the facts present here. At a suppression hearing defendant was asked about the telephone conversation he had with his attorney. The testimony elicited was as follows: "Q Without asking you the conversation you had with your attorney, was that conversation pertaining to the robbery charge under which you were arrested? A No, it wasn't. Q Did you tell your attorney that you were under arrest for robbery? * * * A No, I did not. I didn't say that; I wasn't under arrest at the time. When I called my lawyer, I wasn't under arrest." It is apparent from the foregoing that when defendant called his attorney on June 14, 1977 he did not call him about the instant robbery charge. This conclusion is buttressed by defendant's failure to present any testimony from an attorney to the effect that he had been contacted on the 14th about a robbery charge. Since defendant's call to an attorney did not relate to the instant robbery charge he was not represented by counsel on said charge. Therefore, at the time he made his statement his waiver of his right to counsel was valid even in the absence of counsel (see *People v Garofolo,* 46 NY2d 592, *supra; People v Coleman,* 43 NY2d 222). Accordingly, Criminal Term properly refused to suppress the statement. We have examined defendant's contention that the verdict was coerced and find it to be without merit. Suozzi, J. P., Cohalan, Margett and Martuscello, JJ., concur.