■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BANKS, Appellant.—Judgment of the Supreme Court, Bronx County, rendered June 9, 1978, convicting defendant upon a jury verdict of robbery in the first degree (three counts) and sentencing him to concurrent terms of 12½ to 25 years, reversed, on the law, the motion granted to the extent of suppressing the lineup identification testimony of witnesses Ms. Inniss and Ms. Gomez, and a new trial ordered. Following the arrest of defendant on an unrelated robbery in Manhattan, he appeared in two lineups relative to two Bronx supermarket robberies (one robbery on June 15, 1977 and the other on July 22, 1977) of which he was a suspect. The first lineup was staged on September 1, 1977 (the date of the Manhattan arrest). The second took place on October 4, 1977 pursuant to an order of the Supreme Court, Bronx County, issued October 3, 1977 directing defendant's removal from Manhattan to The Bronx to appear in the lineup. Although defendant had an attorney in the Manhattan case, he was without counsel in the Bronx cases until after the lineup of October 4, 1977 had occurred. Defendant was indicted for the Bronx crimes on October 13, 1977. We agree with defendant, and the District Attorney concedes, that defendant was entitled to counsel at the lineup of October 4, 1977. The right to counsel attaches at the commencement of an adversary judicial criminal proceeding (Kirby v Illinois, 406 US 682, 688-690; People v Blake, 35 NY2d 331, 339-340; People v Sugden, 35 NY2d 453, 461). The order for production of defendant in Bronx County to appear in the lineup commenced such a proceeding against him and activated his right to counsel (People v Lloyd Winston G., 45 NY2d 962, 963-964; People v Coleman, 43 NY2d 222, 225). We are unpersuaded that the District Attorney's failure to inquire whether defendant waived his right to counsel at that lineup was attributable to defendant's failure to object to the identifications on the ground of denial of counsel. There is sufficient in the record to show defendant at the Wade hearing raised such objection. Unacceptable, too, is the District Attorney's contention that the holding of the lineup of October 4, 1977 without the presence of counsel was harmless error. Concededly, there was some positive evidence against defendant. However, had the testimony of Ms. Inniss (a cashier at the supermarket when the June 15, 1977 robbery occurred) and the testimony of Ms. Gomez (a cashier there when the July 22, 1977 robbery took place) as to their identification of defendant in the lineup of October 4, 1977 been suppressed, as it should have been, the result of the trial may have been different. Mr. Simmons, the security guard who identified defendant at the Wade hearing and trial as having committed the robbery of June 15, 1977, had a record of armed robbery. Two of the witnesses to the July 22, 1977 crime (Ms. Ryan, a cashier at the supermarket and Mr. Deritis, manager) who testified at the trial, could not identify defendant. Ms. Flynn, a bookkeeper at the supermarket when the July 22, 1977 robbery occurred, also a witness at the trial, was unable prior to the trial to identify a photograph of defendant as he appeared in the lineup of October 4, 1977 and furthermore her in-court identification of defendant was perhaps prompted by a suggestive in-court identification procedure. Thus, it cannot be said beyond a reasonable doubt that the error, which was of constitutional dimension, did not contribute to

the conviction of defendant (see *People v Almestica,* 42 NY2d 222, dissenting opn, pp 227-229; see, also, *People v Crimmins,* 36 NY2d 230). In view of our disposition it is not necessary to discuss the other points raised by defendant. Concur—Birns, J. P., Fein, Markewich and Ross, JJ.

Lupiano, J., dissents in a memorandum as follows: This is an appeal from a judgment convicting defendant Robert Banks, after a jury trial, of three counts of robbery in the first degree. Banks, together with Julius Joseph, was indicted for three counts of robbery in the first degree and seven related counts. The indictment stemmed from two separate robberies in Bronx County in which both men allegedly participated: one, on June 15, 1977, at a Shopwell Supermarket on Boston Road; the other, on July 22, 1977, at a Shopwell on Fordham Road. Joseph pleaded guilty before trial to the three counts of first degree robbery. At trial, defendant Banks was found guilty of the same three counts. Defendant appeared in two lineups: one, on September 1, 1977, which was proper in all respects, and one on October 4, 1977, which was held pursuant to an order directing that defendant appear. It is the latter lineup which is the subject of this appeal. Defendant contends that all testimony regarding his identification at that lineup and his spontaneous, unsolicited inculpatory statement made to the witnesses Simons and Inniss at that time should have been suppressed at trial because he was not afforded the right to counsel at that lineup. *People v Lloyd Winston G.* (45 NY2d 962) held that an order directing a defendant to appear in a lineup is "sufficiently judicial" in nature, not unlike an arraignment or the issuance of an arrest warrant, so that a right of counsel exists at "critical stages" held after the order is issued and, therefore, defendant had the right to the presence of counsel at the lineup, the denial of which requires suppression of the identification made at that time. Accordingly, it is clear that defendant herein was entitled to suppression of the identification made at the October 4, 1977 lineup by the witnesses Inniss and Gomez, which identification relates to the June 15 robbery (Inniss a witness) and the July 22 robbery (Gomez a witness). It is equally clear on this record that an independent basis exists for the in-court identification of defendant by these witnesses at trial. This does not end our inquiry, however, for the Court of Appeals has aptly recognized that "Inasmuch as the error is of constitutional magnitude, a reversal and a new trial is required unless it can be said beyond a reasonable doubt that the error did not contribute to the conviction *(People v Almestica,* 42 NY2d 222; *People v Crimmins,* 36 NY2d 230)" *(People v Lloyd Winston G., supra,* p 964). Regarding defendant's conviction for the June 15, 1977 robbery, there was independent evidence untainted by the October 4, 1977 lineup by the witness Simmons, a security guard, whereby he clearly identified defendant as the perpetrator. This identification testimony consists of the fact that Simmons had selected defendant's photograph from a photographic array on August 25, 1977, and had identified defendant as the perpetrator at the September 1 lineup who had put a gun to him in the supermarket's parking lot, chased him and attempted to fire at him (the gun misfiring) with a consequent struggle between the two resulting in the witness being forced into the store at gunpoint at a distance of less than seven feet. With respect to the July 22, 1977 robbery, another eyewitness, Ms. Flynn, a bookkeeper at the supermarket located on Fordham Road, identified defendant at the trial as a perpetrator. These eyewitnesses (Simmons and Flynn) gave identification testimony in no way encumbered by the circumstances of the October 4, 1977 lineup. Further, the in-court identification testimony of the eyewitnesses, Ms. Inniss (June 15 robbery) and Ms. Gomez (July 22 robbery),

at trial had a patently untainted independent source in the original observation at the scene of the crime. Finally, the defendant's inculpatory statement to the witness Simmons made on October 4 (after a lineup which included defendant at which Ms. Inniss and Ms. Gomez identified defendant and after a lineup which included the codefendant at which Mr. Simmons identified the codefendant) as that witness and Ms. Inniss were walking past the detention cell adjacent to the viewing area, was properly admissible at trial (see *People v Kaye,* 25 NY2d 139). The commonsense rationale of *People v Kay (supra)* remains viable. The Court of Appeals in *People v Maerling* (46 NY2d 289, 302-303) with regard to the spontaneous declaration rule enunciated in *People v Kay,* stated: "to come within the rule of that case, the spontaneity has to be genuine and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed." Here, the defendant's inculpatory statement* to Simmons (the security officer at the supermarket robbed on June 14, 1977) was clearly spontaneous (and voluntary) and not the result of custodial interrogation. It was not made to a law enforcement official and was not the result of inducement, provocation or encouragement. Parenthetically, it should be noted that defendant did not endeavor to suppress this statement (CPL 470.05, subd 2). Beyond cavil, reason and common sense dictate that on this record the introduction of testimony relevant to the October 4 lineup identification did not affect the verdict and it can be said beyond a reasonable doubt that the error did not contribute to the conviction. We are not confronted with a situation involving only one identifying witness, but with one involving many eyewitnesses and an admissible inculpatory statement by the defendant. The People's case was so strong that the testimony of Ms. Inniss and Ms. Gomez relevant to the October 4 lineup identification was mere "icing on the cake." Accordingly, the judgment of the Supreme Court, Bronx County, rendered June 9, 1978, convicting defendant, after a jury trial, of robbery in the first degree (three counts), should be affirmed.

---

* Defendant stated: "Oh, shit. I didn't know you were the man. I didn't know you were a policeman or I wouldn't have held you up."