THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL MARTELL, Appellant.—Judgment, Supreme Court, Bronx County, rendered on December 1, 1978, unanimously affirmed. Concur—Birns, J. P., Ross, Lupiano and Bloom, JJ.

Fein, J., concurs in the result in the following memorandum: I concur in result on constraint of *People v Pickett* (71 AD2d 575), in which I dissented. Defendant was arrested on an unrelated charge on May 9, 1978 at about 11:00 P.M. He was taken to the holding pens at the Bronx Criminal Court awaiting arraignment. On May 11, 1978, prior to arraignment on the unrelated charge, defendant was removed from the court holding pen, without court order, and taken to the 42nd Precinct and placed in the lineup in which he was identified as one of the perpetrators of the subject crime. Prior to the lineup he indicated to the police officer that he wished to have counsel. The record is equivocal as to whether counsel was requested for the unrelated charge, or for the lineup or possible questioning with respect to the subject charge. In my view it is immaterial which version of the testimony one accepts. I believe the right to counsel attached prior to the lineup and was not waived. It is now settled that defendant would have been entitled to counsel before the lineup if a court order had been obtained

authorizing his removal from the court pens to the precinct. "Judicial action" had intervened at a "critical stage" of the proceedings *(People v Coleman,* 43 NY2d 222). As that case indicates, had defendant been arraigned on the unrelated charge and counsel retained or assigned, defendant's right to consult with such counsel prior to the lineup could not properly have been denied (see *People v Settles,* 46 NY2d 154, 165). As I stated in my dissent in *People v Pickett (supra),* I believe the happenstance that the police were able to remove defendant to the precinct in which the lineup occurred without a court order did not make the lineup less "critical" to this defendant than it was to Coleman in his case. Defendant was entitled to counsel at the lineup. In my view the suppression court should have ruled that the lineup identification was to be excluded and should have determined whether or not the remaining identification testimony was tainted by the lineup identification. However, in the light of the majority determination in *People v Pickett (supra),* I am constrained to concur in result.