OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted after a jury trial of two supermarket armed robberies. Two prosecution witnesses, each a cashier at one of the supermarkets, testified at trial about her prior lineup identification of defendant. Those lineups violated defendant’s right to counsel because each was conducted pursuant to a court order, but in the absence of counsel and without a valid waiver (see People v Lloyd Winston G., 45 NY2d 962, 963-964; People v Coleman, 43 NY2d 222).
The People argue, however, that defendant failed to preserve the issue for appellate review because he did not specifically advance as a basis for pretrial suppression the claim that because of the court order his right to counsel had attached (see People v Tutt, 38 NY2d 1011). Instead, they note, defendant argued that his right to counsel at the lineup had been violated because the People in order to forestall that right improperly delayed obtaining an indictment. That argument has since been abandoned by defen *821 dant on appeal. Alternatively, the People argue, even if the error was preserved, the receipt of such lineup identification testimony was harmless beyond a reasonable doubt (see People v Crimmins, 36 NY2d 230, 237). We accept the analysis of the majority below to the extent it rejected the harmless error argument. We take this opportunity, however, to comment briefly on the preservation issue.
That the specific right to counsel issue here urged on appeal was not urged at the trial level is immaterial. The constitutional right to counsel is fundamental and its denial may, therefore, be raised for the first time on appeal (People v Samuels, 49 NY2d 218, 221). While we have often articulated this principle with respect to the suppression of confession evidence (see People v Carmine A., 53 NY2d 816 [decided herewith] ; People v Samuels, supra; People v Bean, 47 NY2d 967; People v Ermo, 47 NY2d 863; People v Arthur, 22 NY2d 325, 329), it has no less vitality where the supression of identification evidence is sought.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Waghtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.