OPINION OF THE COURT
Cornelius J. O’Brien, J.
This is an application by the District Attorney of Queens County for an ex parte order directing the Warden of the Brooklyn House of Detention to produce an inmate, Felix Logoa, to have him stand in a lineup.
The facts in the case, as disclosed in the affirmation of an Assistant District Attorney supporting the application, are:
On March 13, 1982, a stick-up occurred at a gas station located at 60-12 Metropolitan Avenue in Queens County. During the stick-up two New York City police officers were relieved of their revolvers. On July 31,1982, Logoa (who is presently incarcerated on unrelated Kings County charges) was tentatively identified from “photo spreads” by one of the victims of the stick-up, Lisa Bognati, and by the two police officers.
The People claim that they may proceed ex parte in this • matter on the authority of People v Marshall (91 AD2d 643, 644), wherein it is stated: “Defendant contends that he was denied his right to counsel at the Queens lineup at which his presence was procured by an ex parte court order (citing People v Coleman, 43 NY2d 222; People v Lloyd Winston G., 45 NY2d 962; People v Banks, 53 NY2d 819). The People contend, and we agree, that the cases upon *501 which defendant bases this contention were impliedly overruled by the case of People v Hawkins (55 NY2d 474) in which a majority of the Court of Appeals held that a defendant has no right to counsel at an investigatory corporeal lineup held prior to the filing of an accusatory instrument against him on the charges under investigation.”
In People v Marshall (supra), prior to the issuance of the ex parte order, the defendant was, as is in the case here, incarcerated on an unrelated Brooklyn charge. Hence the District Attorney contends that an ex parte order should issue in this case compelling Logoa to be viewed in a lineup without an attorney.
There is presently some confusion in this area of the law arising out of the decisions of the Court of Appeals in People v Coleman (43 NY2d 222); People v Lloyd Winston G. (45 NY2d 962); People v Banks (53 NY2d 819); People v Hawkins (55 NY2d 474) and Matter of Abe A. (56 NY2d 288) and by this very recent decision of the Appellate Division, Second Department, in People v Marshall (supra).
In People v Lloyd Winston G. (supra, pp 963-964), the Court of Appeals said that: “In People v Coleman (43 NY2d 222) we held that an order directing a * * * lineup was ‘ “sufficiently ‘judicial’ in nature, not unlike arraignment or the issuance of an arrest warrant, so that a right to counsel exists at ‘critical stages’ held after that order is issued” ’ (id., p 225 quoting from People v Sugden, 35 NY2d 453, 461). Hence, appellant had the right to the presence of counsel at the lineup, the denial of which requires suppression of the identification made at that time.”
In People v Banks (supra), the Court of Appeals reaffirmed the principle set forth above.
In People v Hawkins (supra) over a vigorous dissent by Judge Meyer, the court held that the right to counsel at a corporeal lineup “arises only after the initiation of formal , prosecutorial proceedings” against a defendant, i.e., “[a]fter the accused has been formally charged by indictment, information or complaint”. (People v Hawkins, supra, p 487.)
The applicable distinction between People v Hawkins (supra) and People v Coleman (supra), People v Lloyd *502 Winston G. (supra) and People v Banks (supra) as this court sees it, is that in People v Hawkins (supra) the four defendants were arrested on the street and expeditiously made to stand in postarrest “investigatory lineups” “before the commencement of formal adversarial proceedings” against them. In People v Coleman (supra), People v Lloyd Winston G. (supra) and People v Banks (supra) (see People v Banks, 73 AD2d 907), the defendants were all incarcerated on unrelated charges. The right to counsel was triggered by the orders for their production from various jails compelling them to stand in lineups. This type of order the Court of Appeals holds is “not unlike arraignment” (People v Coleman, supra; People v Lloyd Winston G., supra) and would, therefore, logically, constitute at least the equivalent of the “commencement of formal adversarial proceedings against them” since arraignment occurs after an indictment, information or complaint.
In any event, whether Coleman (supra) and its progeny were overruled by implication by Hawkins (supra) or not, the Court of Appeals in Matter of Abe A. (supra, p 296), which would appear clearly to apply to lineup situations (see this court’s decision in Matter of Santucci v Andrews, 117 Misc 2d 616, filed herewith) and which involved a prearrest application for a court order seeking to compel a prospective defendant to submit to blood testing, stated as follows: “it seems appropriate * * * since here there was no exigency, that the course followed by the People in bringing on its original application on notice to the suspect was no more than is required by such circumstances (see, e.g., United States v Crowder, 543 F2d 312, 316 * * * State v Martin, 404 So 2d 960 [La]). After all, when frustration of the purpose of the application is not at risk, it is an elementary tenet of due process that the target of the application be afforded the opportunity to be heard in opposition before his or her constitutional right to be left alone may be infringed (cf. Matter of Barber v Rubin, 72 AD2d 347, 352 [Hopkins, J.] * * *).”
Of course, therefore, it must follow that if the “target” of an application is entitled to notice and the opportunity to be heard on the all-important issue of probable cause, he is entitled to counsel to assist him in his opposition, in what *503 by its very nature is an “adversary judicial proceeding” (Kirby v Illinois, 406 US 682, 688). Therefore, once “an accused, at any stage, before or after arraignment, to the knowledge of law enforcement agencies, already has counsel, his right or access to counsel may not be denied” (People v Blake, 35 NY2d 331, 338) and “his attorney may not be excluded from the lineup proceedings” (People v Hawkins, supra, p 487, citing People v Blake, supra).
Accordingly, the application of the People is denied with leave to renew on proper moving papers on notice to defense counsel.