THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND SMITH, Appellant.

Second Department, November 10, 1986

*Philip L. Weinstein (Jonathan M. Kratter* of counsel), for appellant.

*John J. Santucci, District Attorney (Annette Cohen* of counsel), for respondent.

## OPINION OF THE COURT

MANGANO, J.

The primary issue to be resolved on the instant appeal is whether that branch of the defendant's omnibus motion which was to suppress a lineup identification should have been granted on the ground that the defendant was deprived of his right to counsel at the lineup. In our view, the question must be answered in the affirmative.

On November 1, 1980, at approximately 2:00 A.M., a robbery occurred at the Skylark Lounge on Merrick Boulevard in Queens. One man was killed, and another wounded. The chief witness for the prosecution was the man who survived his injuries, and who identified the defendant in court as one of the participants in the robbery. This testimony was bolstered by evidence that, on February 3, 1981, this witness identified the defendant at a police-arranged lineup procedure.

Prior to trial, a hearing was held in connection with that branch of the defendant's motion to suppress the lineup identification. The evidence adduced at this hearing established that (1) the lineup was conducted pursuant to an ex parte order which directed that the defendant be removed from Rikers Island, where he was being held in connection with an unrelated charge, to the 112th Precinct, (2) at that time, the defendant was, in fact, represented by attorney Sidney Miller in connection with the unrelated charge, and (3) the detective who conducted the lineup never asked the defendant to waive his right to counsel at the lineup and the defendant never did so.

Criminal Term, relying on the decision of the Court of Appeals in *People v Hawkins* (55 NY2d 474, *rearg denied sub nom. People v Laffosse,* 56 NY2d 1032, *cert denied* 459 US 846), held that there was no right to counsel at an investiga-

tive lineup and, accordingly, denied that branch of the motion which was to suppress the lineup identification.

We disagree with the holding of Criminal Term.

In *People v Coleman* (43 NY2d 222), the Court of Appeals held that the issuance of an ex parte order directing a suspect, who was incarcerated and represented by counsel on an unrelated matter, to appear for a lineup, was comparable to the filing of an accusatory instrument which signals the formal commencement of adversary judicial proceedings and, thus, the suspect's right to counsel had attached at the time of the lineup *(see also, People v Williams,* 112 AD2d 259; *People v Morton,* 104 AD2d 569, 571). The court in *People v Coleman (supra)* also held that the right to counsel at a lineup at which the defendant's appearance is court ordered, may be waived. However, it is clear that there was no such waiver in this case. Accordingly, since the defendant was deprived of his right to the presence of counsel at the lineup, the lineup identification should have been suppressed.

The People argue that the holding of *People v Coleman (supra)* was impliedly overruled in *People v Hawkins (supra),* where the Court of Appeals held that a suspect has no right to counsel at an investigatory lineup.

We do not agree with the People's argument. None of the lineup procedures under review in *People v Hawkins (supra),* took place after the suspect's right to counsel had attached, so that *People v Hawkins (supra)* is fundamentally distinguishable from *People v Coleman (supra).* Indeed, in *People v Smith* (62 NY2d 306), decided after *People v Hawkins (supra),* the holding of *People v Coleman (supra),* was cited with approval by the Court of Appeals. To the extent our decision in *People v Marshall* (91 AD2d 643) is inconsistent with our holding in this case, it is hereby overruled.

We note, finally, that the error discussed above is one of constitutional magnitude, and can thus be deemed harmless only if "it can be said beyond a reasonable doubt that the error did not contribute to the conviction" *(People v Lloyd Winston G.,* 45 NY2d 962, 964, citing *People v Almestica,* 42 NY2d 222; *People v Crimmins,* 36 NY2d 230). Since the conviction rested largely on the testimony of one witness, the improperly admitted evidence of the pretrial lineup identification cannot be considered harmless error *(see, e.g., People v Dodt,* 61 NY2d 408, 417; *People v White,* 117 AD2d 127; *People v Lane,* 102 AD2d 829, *appeal dismissed* 63 NY2d 865; *cf. People v Adams,* 53 NY2d 241).

Accordingly, the defendant's judgment of conviction should be reversed, that branch of his omnibus motion which was to suppress evidence of a lineup identification should be granted, and a new trial should be ordered. The defendant's remaining contentions have been reviewed and are either without merit or academic in light of the foregoing determination.

LAZER, J. P., BRACKEN and SPATT, JJ., concur.

Justice Lazer has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the judgment of the Supreme Court, Queens County, rendered November 4, 1982, is reversed, on the law, that branch of the defendant's motion which was to suppress evidence of a lineup identification is granted, and a new trial is ordered.