THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered July 18, 1986, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (two counts), and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of the robbery and fatal shooting of Alfred Riddick which occurred on April 4, 1985, while Riddick was a passenger on the subway.

On the instant appeal the defendant argues, inter alia, that certain lineup identifications should have been suppressed since they were obtained in violation of his constitutional right to counsel.

The record indicates that the lineup was conducted pursu-

ant to an ex parte order which directed that the defendant be removed from Rikers Island, where he was being held in connection with an unrelated charge. At that time, the defendant was represented by counsel, which fact was known to the police. The defendant was never asked to waive his right to counsel at the lineup and the defendant never did so.

In *People v Coleman* (43 NY2d 222), the Court of Appeals held that the issuance of an ex parte order directing a suspect who was incarcerated and represented by counsel on an unrelated matter to appear for a lineup was comparable to the filing of an accusatory instrument which signals the formal commencement of adversary judicial proceedings and, thus, the suspect's right to counsel attached at the time of the lineup. The court in *People v Coleman (supra)* also held that the right to counsel at a lineup at which the defendant's appearance is court-ordered may be waived. However, it is clear that there was no such waiver in this case. Accordingly, since the defendant was deprived of his right to the presence of counsel at the lineup, the lineup identifications should have been suppressed *(see also, People v Smith,* 120 AD2d 118). Although this error is of constitutional magnitude, it can be deemed harmless if "it can be said beyond a reasonable doubt that the error did not contribute to the conviction" *(People v Lloyd Winston G.,* 45 NY2d 962, 964, citing *People v Almestica,* 42 NY2d 222). In the instant case, the trial testimony of an eyewitness to the robbery and shooting, as well as testimony from several police officers who saw the defendant fleeing from the subway shortly after the shooting, rendered the error here harmless beyond a reasonable doubt.

The defendant further argues that the trial court committed reversible error by giving an unbalanced charge to the jury with respect to the credibility of a prosecution witness, Kevin Clemons. During the trial, Clemons, a friend of the defendant, testified that on the night of the fatal shooting, the defendant admitted to his participation in the crimes charged. Clemons had a prior criminal record, and his testimony was obtained as a result of an agreement between him and the People whereby he was to receive leniency with respect to certain outstanding charges then pending against him. On both direct and cross-examination, Clemons' prior record and his agreement with the People were testified to at length. Moreover, a copy of the agreement between Clemons and the People was admitted into evidence. Viewed within this perspective, the trial court's charge was neither inadequate nor unbalanced. Although the trial court refused defense counsel's request to

specifically mention the agreement in its charge, the court expressly instructed the jury to consider the witness's background, "his interest or * * * motive for testifying" and whether the witness had a "demonstrable reason to falsify". Under these circumstances, the trial court's charge on the issue of Clemons' credibility was essentially fair and balanced *(see, People v Bell,* 38 NY2d 116). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.