(July 8, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW WILLIAMS, Appellant. [695 NYS2d 71] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered July 23, 1996, convicting defendant, after a jury trial, of robbery in the first and second degrees and sentencing him to concurrent, indeterminate terms of 10 to 20 years and 7½ to 15 years imprisonment, respectively, unanimously affirmed.

It is well settled that "a claimed deprivation of the State constitutional right to counsel may be raised on appeal, notwithstanding that the issue was not preserved by having been specifically raised in a suppression motion or at trial" (*People v Kinchen*, 60 NY2d 772, 773; *see also, People v Banks*, 53 NY2d 819). Originally, defendant argued at the pretrial suppression hearing that he was deprived of his right to counsel at the lineup because, even though his attorney in this case agreed to it being conducted in his absence, the police never tried to contact another attorney assigned to defend him in an unrelated Bronx case. In view of the fact that defendant later raised for the first time on appeal the issue of whether there was a valid waiver by his attorney in this case, the People were not put on notice that they had to address the issue. We therefore remanded the matter to the trial court for a hearing at which the People could present whatever evidence they had pertaining to that issue (254 AD2d 177, citing, *inter alia, People v Williams*, 146 AD2d 661, 662).

That reopened *Wade* hearing has now been held and, in its

findings of fact contained in its decision and order dated March 29, 1999, the trial court found that, on January 12, 1996, Detective Michael Kennedy received a court order for a lineup to be held in this case on January 17, 1996. Kevin Canfield, Esq. was assigned to represent the defendant at that lineup. He was ready to appear on that date; however, the lineup was cancelled because the defendant was not produced by the Department of Correction. Detective Kennedy notified Mr. Canfield regarding the problem and the lineup was rescheduled for January 22, 1996.

On January 22, 1996, Assistant District Attorney Bogdanos and Mr. Canfield had a telephone conversation. At first, Mr. Canfield, who had covered cases in court that morning, requested that the lineup be rescheduled because he was not feeling well. But after discussing the situation with the Assistant District Attorney, including the difficulty of rescheduling witnesses for a second time and the tactical advantages which might be gained by non-appearance, he consented to the lineup being held in his absence and waived his appearance. He asked that he be provided with photographs of the lineup. Mr. Canfield did not speak with defendant that day nor did he meet defendant until his arraignment.

The Assistant District Attorney notified Detective Kennedy that Mr. Canfield would not be appearing at the lineup and that he wanted photographs of the lineup. The detective and his partner picked defendant up at the courthouse at 100 Centre Street and took him to the precinct. On the way there, the detective told defendant that he had been assigned a lawyer but that he was not going to appear at the lineup. He added that Mr. Canfield had requested photographs of the lineup. Defendant stated, "Whatever. Let's just get it over with." The lineup was held that afternoon.

Defendant did not contest or oppose his attorney's decision to waive his presence at the lineup. As found by the hearing court, he did not request another lawyer or ask that the lineup be delayed, nor did he exhibit any concern about his lawyer's absence. Based upon defendant's unequivocal statement, the hearing court found that defendant validly waived his right to counsel at the lineup. We agree.

Relying upon *People v Yut Wai Tom* (53 NY2d 44), defendant now urges that a valid waiver requires a consultation between defense counsel and the defendant. However, in that case there was no evidence that defendant said anything at or before the lineup to the effect that he would waive his right to counsel, but there was evidence that he had previously discussed the

reasons for his attorney's waiver over the telephone (*supra*, at 52). Here, on the other hand, after defendant's lawyer personally told the Assistant District Attorney to go ahead with the lineup in his absence, defendant, when told that his attorney would not be present, concurred and said "Whatever. Let's just get it over with."

While we agree with the hearing court that it would have been better if counsel had consulted with defendant, defendant's conduct was unequivocal, unlike the situation in *People v Coleman* (43 NY2d 222), upon which defendant relies. *Coleman* does not require rigid formality and, given the circumstances in this case, as well as the limited role of counsel at identification confrontations (*see, People v LaClere*, 76 NY2d 670, 673), there was a valid waiver of defendant's right to counsel at the lineup and his suppression motion was properly denied. Concur—Ellerin, P. J., Rosenberger, Tom and Andrias, JJ.