■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEE TAYLOR, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not abuse its discretion by refusing defendant's request for a different assigned attorney because defendant failed to establish good cause for the substitution (see, People v Sawyer, 57 NY2d 12, 18-19, cert denied 459 US 1178). We further conclude that the court did not abuse its discretion by denying defendant's motion to withdraw his guilty plea. Defendant was advised of his rights, understood the consequences of his plea, and stated that he was satisfied with the advice of his assigned attorney. Defendant admitted that he committed the crime charged, and his belated and conclusory claims of innocence presented the court with an issue of credibility, which it could properly resolve against defendant (see, People v Lynch, 156 AD2d 884, 885). (Appeal from Judgment of Monroe County Court, Marks, J.—Sodomy, 1st Degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. GRIGGS, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not abuse its discretion in declining to grant defendant an adjournment of sentencing to give him a further opportunity to obtain the money to pay his fine and make restitution. At the plea colloquy the court clearly explained to defendant that a third indictment would be dismissed only if the fine and the restitution were paid by the time of sentencing. (Appeal from Judgment of Oneida County Court, Merrell, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.