■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DERRICK WOODARD, Respondent. [602 NYS2d 262] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Monroe County Court for further proceedings on indictment. Memorandum: County Court erred in dismissing the indictment based on the People's failure to notify defendant of his right to testify in a prospective Grand Jury proceeding. Defendant was arraigned on a felony complaint in Rochester City Court. The felony complaint was disposed of when City Court, in the presence of defendant and defense counsel, waived the matter to the Grand Jury. Because defendant was not subject to an undisposed felony complaint in a local criminal court, the District Attorney was not required to provide defendant with notice that the matter was going to be presented to a Grand Jury *(see,* CPL 190.50 [5] [a]; *People v Simmons,* 178 AD2d 972, *lv denied* 79 NY2d 1007; *People v Conde,* 131 AD2d 586; *People v Green,* 110 AD2d 1035, 1036). Because defendant and defense counsel had been advised that the matter was waived for Grand Jury presentation, the burden was upon defendant, if he desired to testify before the Grand Jury, to serve written notice upon the District Attorney *(see,* CPL 190.50 [5] [a]; *People v Brooks,* 184 AD2d 518, 519, *lv denied* 80 NY2d 973). The District Attorney's practice of sending a Grand Jury notice in every case that did not involve a sealed indictment does not require a contrary result. (Appeal from Order of Monroe County Court, Maloy, J.—Dismiss Indictment.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.