■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. MCMOORE, Appellant. [609 NYS2d 964] —Cardona, P. J. Appeals (1) from a judgment of the County Court of Ulster County (Vogt, J.), rendered March 5, 1991, upon a

verdict convicting defendant of the crimes of manslaughter in the first degree and criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court, entered July 8, 1993, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On September 11, 1990, Leroy Rennie was shot to death in the City of Kingston, Ulster County, and shortly thereafter defendant was arrested. On September 12, 1990 defendant appeared for arraignment in Kingston City Court on a felony complaint. Defendant contends that he requested the assistance of counsel at the arraignment and advised the court that he wished to testify before the Grand Jury. Defendant maintains that the court acknowledged the request and stated in substance that he would be allowed to testify. At that juncture, City Court assigned the Public Defender's office to represent defendant and adjourned the case to September 17, 1990. Later that day, the People contend that a notice of Grand Jury presentment was hand-delivered to the Public Defender's office that advised that the case was being presented in two days, September 14, 1990, and if defendant wanted to testify he should notify the District Attorney by that date. On or about September 13, 1990 defendant appeared in a court-ordered line-up with an investigator from the Public Defender's office present, but without counsel.

Defendant was indicted for the crimes of murder in the second degree and criminal possession of a weapon in the third degree. He maintains that he did not know about the Grand Jury presentment, was never given the opportunity to testify before the Grand Jury, never met with an attorney until after he was indicted and that no motion pursuant to CPL 190.50 (5) (c) to dismiss the indictment for failing to provide notice of Grand Jury presentment was ever made, despite his direction to do so. The People allege that an Assistant Public Defender discussed with defendant his right to testify before the Grand Jury and then communicated his declination to the prosecutor who presented the case to the Grand Jury.

Following a jury trial, defendant was convicted of the lesser offense of manslaughter in the first degree and criminal possession of a weapon in the third degree. Defendant was sentenced as a persistent violent felony offender to concurrent prison terms of 20 years to life. Defendant, *pro se,* moved pursuant to CPL 440.10 to vacate the judgment of conviction.

County Court denied the motion without a hearing. A Justice of this Court granted defendant permission to appeal the denial of his CPL 440.10 motion. Defendant also appeals from the judgment of conviction.

Defendant's primary contention is that he was denied effective assistance of counsel because his assigned attorney failed to secure his right to testify before the Grand Jury *(see,* CPL 190.50 [5] [a]). The People's assertion that defendant declined to exercise his right to testify before the Grand Jury is not supported by the record. Factual issues exist as to whether defendant's attorney received notice of the scheduled Grand Jury presentment and informed defendant of his right to testify, whether defendant declined to testify or, if defendant was not so advised, why no motion was made to dismiss the indictment when it was learned that defendant did not receive notice of the Grand Jury presentment. Although the failure to make a timely motion to dismiss the indictment is deemed a waiver of his right to testify before the Grand Jury *(see,* CPL 190.50 [5] [c]; *People v Gonzalez,* 168 AD2d 743, *lv denied* 77 NY2d 906), absent proof in the record that defendant consulted with his attorney, such a waiver does not appear to have been knowingly made *(see, People v Moskowicz,* 192 AD2d 317, *lv denied* 81 NY2d 1077; *People v Lincoln,* 80 AD2d 877). County Court should have held a hearing on defendant's CPL 440.10 motion to determine the circumstances of defendant's alleged waiver of his right to testify before the Grand Jury *(see, People v Matay,* 82 AD2d 867).

Defendant also contends that he was denied his right to the effective assistance of counsel when defense counsel waived, without his knowledge or consent, his presence at a second *Sandoval (see, People v Sandoval,* 34 NY2d 371) conference conducted in chambers at the close of the People's proof. This action, defendant argues, served to deprive him of his right to be present at a material stage of the trial *(see, People v Dokes,* 79 NY2d 656). Under these circumstances, we agree that defense counsel's consent to proceed in defendant's absence may not constitute an effective waiver of defendant's right to be present *(see, People v Brockenshire,* 197 AD2d 921, *lv denied* 82 NY2d 848). The People argue that defendant's presence at this conference was " 'superfluous' " *(see, People v Dokes, supra,* at 662) because it was not a de novo hearing but merely defense counsel's reargument of the position advanced in the earlier pretrial hearing at which defendant was present. Therefore, the People contend that defendant's presence " 'would have been "useless or the benefit but a shadow" ' "

*(People v Dokes, supra,* at 662, quoting *People v Velasco,* 77 NY2d 469, 473, quoting *Snyder v Massachusetts,* 291 US 97, 106-107). "[B]ecause the outcomes of both stages [of defendant's *Sandoval* hearing] were 'not wholly favorable' to defendant" and the record is equivocal as to whether he was present at the earlier *Sandoval* hearing *(People v Michalek,* 82 NY2d 906, 907, quoting *People v Favor,* 82 NY2d 254, 267) when the use of his prior criminal acts was discussed, we cannot ascertain whether this is "one of those exceptional situations in which the accused's presence would have been wholly 'superfluous' " *(People v Favor, supra,* at 268; *see, People v Dokes, supra,* at 662).

Accordingly, we hold our decision on this appeal in abeyance and remit this matter to County Court for a hearing to (1) determine the circumstances of defendant's waiver of his right to testify before the Grand Jury *(see, People v Matay, supra),* and (2) determine whether defendant was present at the *Sandoval* hearing conducted on January 15, 1991 *(see, People v Michalek, supra; People v Odiat,* 82 NY2d 872). County Court shall file its report within 90 days of the date of this decision.

Mikoll, Casey and Weiss, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.