(April 27, 1995)

■ The People of the State of New York, Respondent, v James M. McMoore, Appellant. [626 NYS2d 289] —Cardona, P. J. Appeals (1) from a judgment of the County Court of Ulster County (Vogt, J.), rendered March 5, 1991, upon a verdict convicting defendant of the crimes of manslaughter in the first degree and criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court, entered July 8, 1993, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

The facts underlying this case may be found in our prior decision (203 AD2d 612), which held these appeals in abeyance pending remittal of the matter to County Court for a hearing to determine the circumstances surrounding defendant's failure to testify before the Grand Jury and whether defendant was present at the *Sandoval* hearing conducted on January 15, 1991. Upon remittal, the hearing was held and the record supports the findings of County Court (Lamont, J.) that defendant consulted with his attorney on September 14, 1990 relative to testifying before the Grand Jury, acquiesced in his attorney's advice not to testify and was present at the first *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371) held on January 15, 1991.

Initially, it is noted that, having consulted with his former attorney about testifying before the Grand Jury, we deem defendant's failure to make a timely motion to dismiss the indictment to be a waiver of his right to testify *(see,* CPL 190.50 [5] [c]), which was knowingly made. To prevail on his claim that he was denied effective assistance of counsel by his attorney's failure to secure his right to testify before the Grand Jury, defendant "must demonstrate the [necessary] absence of strategic or other legitimate explanations" for his counsel's failure to pursue this course of action *(People v Garcia,* 75 NY2d 973, 974; *see, People v Richardson,* 193 AD2d

969, *lv denied* 82 NY2d 725). Defendant failed to make the required showing.

Defendant's second ineffective assistance of counsel argument is premised upon his trial attorney's waiver of his right to be present at a second *Sandoval* conference held on January 22, 1991 and conducted in County Court's chambers at the close of the People's proof. The record shows, however, that this conference was essentially an attempt by defense counsel to reargue the position advanced in the earlier *Sandoval* hearing held on January 15, 1991, at which time defendant was present, when the use of defendant's prior criminal acts was discussed and County Court made its determination. Because the second conference was not a de novo hearing, there was no "potential for additional meaningful input by defendant" *(People v Favor,* 82 NY2d 254, 268). Thus, we find that defendant's exclusion from the second hearing was "one of those exceptional situations in which the accused's presence would have been wholly 'superfluous' " *(supra,* at 268; *see, People v Dokes,* 79 NY2d 656, 662).

Defendant also asserts that the September 13, 1990 court-ordered preindictment lineup conducted in the absence of counsel and without a valid waiver violated his constitutional right to counsel. While we agree *(see, People v Jackson,* 74 NY2d 787; *People v Banks,* 53 NY2d 819; *People v Lloyd G.,* 45 NY2d 962, 963-964; *People v Coleman,* 43 NY2d 222), we find that the admission of the lineup evidence and the in-court identifications of those witnesses who viewed the lineup was harmless error *(see, People v Lloyd G., supra,* at 964; *People v Almestica,* 42 NY2d 222; *People v Crimmins,* 36 NY2d 230), because identification was not an issue in this case. Defendant did not claim misidentification nor did he offer an alibi defense. His sole defense at trial was justification. Under these circumstances, there was no reasonable possibility that the tainted evidence contributed to his convictions.

Finally, we address defendant's contention that County Court erroneously instructed the jury in its charge, on the defense of justification, that defendant had a duty to retreat. The defense of justification "is qualified by a duty to retreat, unless the person acting defensively was in his or her home and was not the original aggressor" *(People v Watts,* 57 NY2d 299, 301; *see,* Penal Law § 35.15 [2] [a] [i]; *People v Ward,* 162 AD2d 566, 567; *People v Emmick,* 136 AD2d 892, 894). Here, the undisputed evidence established that the shooting took place in a common hallway of an apartment complex. We find

that County Court's charge was a correct statement of the law.

Mikoll, White and Casey, JJ., concur. Ordered that the judgment and order are affirmed.