■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROWN, Appellant. [641 NYS2d 763] —Casey, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered April 27, 1994, upon a verdict convicting defendant of the crime of burglary in the second degree, and (2) by permission, from an order of said court, entered January 24, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On the date of the crime at issue, Evelyn Ebron observed defendant standing under the stairs of the entrance to her basement apartment. Ebron was accompanied by her father and had just returned home from a rental car business. When Ebron's father approached defendant, he observed that defendant was carrying his daughter's VCR. A brief struggle ensued

and defendant fled into an alley. Ebron's father pursued defendant and happened to come upon a police car. The officers were notified of the incident and the perpetrator was described as to his appearance and clothing, and was said to have a cast on his left arm. Shortly thereafter, a person answering this description was seen entering a building. The officers followed and found defendant in the fifth floor stairwell. Defendant agreed to accompany the police to Ebron's apartment where he was positively identified by Ebron and her father. Defendant was indicted for burglary in the first degree and burglary in the second degree.

At trial, at the close of the People's case, defendant moved to dismiss the indictment, claiming that the evidence was insufficient to establish the elements of the crimes charged. Specifically, defendant argued that the first count of the indictment failed because the People did not prove that the cast on his arm was a "dangerous instrument". County Court granted the motion to the extent of dismissing the first count of the indictment. Defendant's motion to dismiss the indictment in its amended form was renewed and denied at the close of the case.

At the precharge conference, the People requested a charge that defendant's flight could be considered on the issue of consciousness of guilt, and also a charge regarding the recent and exclusive possession of the fruits of a crime. Defendant requested a charge of the lesser offense of trespass. County Court denied defendant's request and granted the People's request. Defendant was convicted of burglary in the second degree.

Prior to sentencing, defendant moved to set aside the verdict based on newly discovered evidence, i.e., that the rental car was returned 24 hours before the burglary rather than 20 minutes before as testified to by the Ebrons. Defendant argued that in light of this fact, the recent and exclusive possession charge was improper. We find no merit to defendant's contention. There were insufficient facts to demonstrate any probability that the evidence would have changed the result (*see, People v Latella*, 112 AD2d 321, 323), and County Court properly denied defendant's motion for a hearing.

Defendant also contends that the indictment should be dismissed because he was denied his right to testify before the Grand Jury. A motion to dismiss on that ground must be made within five days after arraignment or it is deemed waived (*see, CPL 190.50 [5] [c]). Defendant's motion was made 13 months after arraignment, well beyond the time limit, and after the jury's verdict had been rendered (*see, People v McMoore*, 214

AD2d 893, *lv denied* 86 NY2d 798, *cert denied* — US —, 116 S Ct 822). Defendant has demonstrated his familiarity with the judicial process and never complained during the 13-month interval that he was denied that opportunity. Thus, he waived that claim.

In his CPL 440.10 postjudgment motion, defendant also claimed that he was denied the effective assistance of counsel because his counsel did not ensure his opportunity of appearing before the Grand Jury. Defendant's claim in this regard is based on bald conclusory allegations that lack any showing of how his rights were violated (*see, People v Sturgis*, 199 AD2d 549, 550, *lvs denied* 83 NY2d 858, 84 NY2d 833). To prevail on a claim of ineffective assistance of counsel when there is a failure to comply with defendant's request to testify before the Grand Jury, defendant must demonstrate the necessary absence of strategic or other legitimate explanations for his counsel's failure to pursue this course of action (*see, People v Garcia*, 75 NY2d 973, 974). We conclude, therefore, that it was not error for County Court to deny this part of defendant's CPL 440.10 motion without a hearing (*see, People v Brown*, 176 AD2d 641, *lv denied* 79 NY2d 944).

We also conclude that the verdict was not against the weight of the evidence. A person is guilty of the crime of burglary in the second degree when

"he [or she] knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when * * *

"[t]he building is a dwelling" (Penal Law § 140.25 [2]).

Ebron testified that upon her return home, she saw defendant under the stairs to her apartment peeking through a small window. She also stated that both the outside door and the door leading to her apartment were standing wide open, and that the door jambs and locks were dismantled and the wood on both doors had been chipped. Her testimony was corroborated by her father, who also testified that he saw defendant fleeing while carrying his daughter's VCR. Shortly thereafter, defendant was apprehended in another building and was returned to the scene where he was positively identified by the Ebrons. Defendant conceded that he took the VCR. From those circumstances, it may reasonably be concluded that defendant broke into the apartment and stole the VCR, despite his contrary explanation.

We further find that, reviewing the record in its entirety, defendant was not denied the effective assistance of counsel (*see, People v Flores*, 84 NY2d 184, 189). Defense counsel made appropriate pretrial and post-trial motions, opening and closing

statements, moved to preclude evidence, successfully moved to have the first count of the indictment dismissed, examined and cross-examined witnesses and voiced appropriate objections (*see, People v Parker*, 220 AD2d 815, 817).

Furthermore, we find County Court's charge to the jury to have been proper. The court properly refused defendant's request to charge criminal trespass since there was no reasonable view of the evidence that would support such a reduced charge (*see, People v Blim*, 63 NY2d 718, 720). Defendant's further claim that County Court did not distinguish between the word "dwelling" and "foyer" in its charge was not preserved for our review. What the court charged about a "dwelling" was not improper (*see, People v King*, 61 NY2d 550). We have considered defendant's claim of prosecutorial misconduct and find such claim meritless. No statement of the prosecutor "[rose] to the level of flagrancy required for reversal" (*People v Lewis*, 162 AD2d 760, 764, *lv denied* 76 NY2d 894). In our view, the prosecutor's remarks constituted fair comment. We have examined defendant's other claims of error and find that they lack merit. Accordingly, the judgment of conviction should, in all respects, be affirmed.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment and order are affirmed.