(September 19, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO NOBLE, Appellant. [647 NYS2d 304] —Mikoll, J. Appeal from a judgment of the County Court of Rensselaer County (Lomanto, J.), rendered November 26, 1991, convicting defen-

dant upon his plea of guilty of the crimes of burglary in the first degree (two counts), attempted robbery in the second degree and assault in the first degree.

In September 1990, an indictment was returned against defendant charging him with two counts of burglary in the first degree, one count of attempted robbery in the second degree and one count of assault in the first degree. These charges stemmed from an incident in July 1990, whereby defendant broke into a young woman's apartment, stabbed her with a fork, broke her nose and demanded money. Pretrial hearings were scheduled but, prior to the time they were to commence, defendant informed County Court that he wished to plead guilty to all counts in the indictment. In the course of the plea allocution, defendant indicated his awareness of the rights he was waiving, admitted the factual basis for the charged crimes and testified that he was motivated to plead guilty to satisfy his "conscience". Defendant was ultimately sentenced as a predicate felon to concurrent prison terms of $12^{1}/_{2}$ to 25 years for each count of burglary, $3^{1}/_{2}$ to 7 years for the attempted robbery count and $7^{1}/_{2}$ to 15 years for the assault count.* Defendant now appeals.

Defendant's sole contention on appeal is his claim that he was denied his constitutional right to the effective assistance of counsel. We reject this claim, however, and conclude that defendant was afforded meaningful representation consistent with his constitutional rights (see, People v Shamblee, 222 AD2d 834, 835). Defendant's bald statement that his assigned defense counsel failed to take the steps necessary to comply with his desire to testify before the Grand Jury would not, even if true, amount to a denial of the effective assistance of counsel (see, People v Sturgis, 199 AD2d 549, 550, lv denied 83 NY2d 858). Although defendant also claims that "he was not contacted by [defense] counsel for a period of many months until the eve of trial", our review of the available record fails to reveal the existence of the sort of "cumulative" errors that would amount to ineffective representation (cf., People v Droz, 39 NY2d 457). Instead, the record reveals that, as defendant concedes, defense counsel made all appropriate pretrial motions, prepared for trial and participated fully at the preliminary hearing. Thus, "[s]ince 'meaningful representation' does not mandate a flaw-

---

* The transcript of the sentencing minutes could not be located due to the unavailability of the stenographic reporter who transcribed these minutes. Although defendant moved for a reconstruction hearing, this motion was denied and defendant did not appeal the denial. Further, he makes no argument with respect to the sentencing hearing on appeal.

less performance, we find defendant's arguments wholly unpersuasive" (*People v Alexander*, 161 AD2d 1035, 1037, *lv denied* 76 NY2d 851).

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.

