■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA PIERCE, Appellant. (Appeal No. 2.) [649 NYS2d 859] —Judgment unanimously affirmed. Same Memorandum as in *People v Pierce* (233 AD2d 872 [decided herewith]). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.— Manslaughter, 1st Degree.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MORAGNE, Appellant. [649 NYS2d 858] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of robbery in the first degree, robbery in the second degree and assault in the first degree. The conviction stems from the armed holdup of a crack cocaine seller who was shot in the back as he attempted to flee. Because defendant failed to make a timely motion to dismiss either the original or superseding indictment, he has waived any challenge to the indictment based on the People's failure to afford him an opportunity to appear and testify before the Grand Jury (*see*, CPL 190.50 [5] [c]; *People v Sumpter*, 178 AD2d 973, *lv denied* 80 NY2d 896). The failure of defendant's attorney to make a CPL 190.50 (5) (c) motion alone is insufficient to demonstrate that defendant was denied "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147; *see, People v Brown*, 184 AD2d 856, 857, *lv denied* 80 NY2d 927). Furthermore, we note that County Court granted defendant's request to appoint a new attorney. That attorney made appropriate pretrial motions and represented defendant at the pretrial hearings and at trial. No objection has been raised concerning that attorney. Considering defendant's extensive prior criminal history and the seriousness of this incident, which left a 15-year-old boy paralyzed from the waist down, the sentence is not unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Robbery, 1st Degree.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Balio, JJ.