■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH G. HOPPE, Appellant. [666 NYS2d 518] —Crew III, J. Ap-

peals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered March 2, 1995, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree and reckless endangerment in the first degree, and (2) by permission, from an order of said court, entered April 15, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant pleaded guilty to sexual abuse in the first degree and reckless endangerment in the first degree in satisfaction of an indictment charging him with attempted rape in the first degree, two counts of sexual abuse in the first degree, coercion in the first degree and reckless endangerment in the first degree. Following his sentencing to consecutive indeterminate terms of imprisonment of 3 to 6 years, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 on the ground that he was coerced into accepting the aforesaid plea. County Court denied the motion without a hearing and defendant appeals from the judgment of conviction and, by permission, from the order denying the CPL 440.10 motion.

Initially, we note that by his plea of guilty, defendant has waived his right to review of his claim that he was denied the right to testify before the Grand Jury (*see, e.g., People v Dennis*, 223 AD2d 814, *lv denied* 87 NY2d 972). We also reject defendant's assertion of ineffective assistance of counsel, inasmuch as we previously have held that the failure to move to dismiss an indictment for failure to afford a defendant the opportunity to testify before a Grand Jury, standing alone, is insufficient to demonstrate that a defendant was denied meaningful representation (*see, People v Lasher*, 199 AD2d 595, *lv denied* 83 NY2d 855).

We also find no error in County Court's denial of defendant's CPL 440.10 motion without a hearing. Our review of the record satisfies us that defendant entered a knowing, voluntary and intelligent plea to the charges in question. Even accepting defendant's assertion that County Court advised his attorney that if defendant were found guilty after trial, the court "probably" would impose a sentence of 20 years to life given his persistent felon status, such admonitions do not amount to coercion (*see, e.g., People v Green*, 240 AD2d 513, 514). We have considered defendant's remaining claims and find that they are either unpreserved for our review or are lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment and order are affirmed.