■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HODGES, Appellant. [667 NYS2d 812] —White, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered May 21, 1996, upon a verdict convicting defendant of the crimes of reckless endangerment in the second degree and criminal possession of a forged instrument in the second degree.

On February 10, 1995, the police attempted to apprehend defendant who was driving his motorcycle which bore a fake New York license plate. Defendant led a number of police officers on a high-speed chase through various towns in Ulster County at speeds in excess of 80 miles per hour before being taken into custody when his motorcycle was stopped after striking and damaging two police cars. The motorcycle was unregistered and defendant did not have a valid driver's license. After receiving *Miranda* warnings at the scene, defendant was questioned

and stated that he had made the license plate because he was unable to drive without it.

Defendant was represented by the Ulster County Public Defender's office (hereinafter Public Defender) at a preliminary hearing on March 16, 1995 in the Town of Ulster Justice Court and was informed at the conclusion of the hearing that his case would be held for action of the Grand Jury. By letter dated April 4, 1995, the District Attorney's office notified the Public Defender that this case would be presented to the Grand Jury on April 6, 1995 and received no notice from either defendant or the Public Defender that defendant wished to testify. Thereafter, a five-count indictment was handed up by the Grand Jury and defendant was arraigned in County Court on April 13, 1995. Although a private attorney had some contact in March 1995 with both the District Attorney and the Public Defender concerning this matter, the Public Defender represented defendant at the time of the preliminary hearing, the indictment and the arraignment. Defendant was convicted after trial of reckless endangerment in the second degree and criminal possession of a forged instrument in the second degree, and on this appeal contends that he was denied his right to appear before the Grand Jury, was denied effective assistance of counsel and that there was insufficient proof that the license plate was a forged instrument.

We affirm. The original felony complaint was disposed of in a local criminal court after a preliminary hearing and defendant was held over for Grand Jury action. Under these circumstances, defendant was not entitled to notice of the Grand Jury proceedings (*see,* CPL 190.50 [5] [a]; *see also, People v Woodard,* 197 AD2d 905; *People v Finkle,* 192 AD2d 783, 784, *lv denied* 82 NY2d 753; *People v Planthaber,* 131 AD2d 927, 929, *lv denied* 70 NY2d 803; *People v Otello,* 48 AD2d 169). In addition, since defendant's motion to dismiss the indictment on the ground that he was denied his right to testify before the Grand Jury was not made until two months after his arraignment, well beyond the time limit set forth in the statute (CPL 190.50 [5] [c]; *see, People v Brown,* 227 AD2d 691, 692, *lv denied* 88 NY2d 980; *People v McMoore,* 214 AD2d 893, *lv denied* 86 NY2d 798, *cert denied* 516 US 1096), we find defendant's argument that he was denied his right to appear before the Grand Jury to be without merit.

Defendant was not deprived of effective assistance of counsel because of an alleged failure to discuss with defendant the advisability of testifying before the Grand Jury, as this conduct alone would not amount to a denial of effective assistance (*see,*

*People v Wiggins*, 89 NY2d 872, 873; *People v Noble*, 231 AD2d 800, 801, *lv denied* 89 NY2d 866; *People v Santiago*, 216 AD2d 175, *lv denied* 86 NY2d 846; *People v Sturgis*, 199 AD2d 549, 550, *lv denied* 83 NY2d 858). Further, there has been no showing of any actual prejudice which would have affected the outcome of this case (*see, People v Frascatore*, 200 AD2d 860, 861; *People v Richardson*, 193 AD2d 969, 970-971, *lv denied* 82 NY2d 725), and in reviewing the entire record we find that defendant was provided with meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147).

Defendant's assertion that the false, homemade license plate created by him to resemble a New York license plate was not a forged instrument is likewise unavailing. Penal Law § 170.25 makes it a crime to possess, with a requisite intent, any forged instrument of a type defined in Penal Law § 170.10, and subdivision (3) of said section refers to a written instrument purporting to be issued or created by a public office or governmental instrumentality. Penal Law § 170.00 (1) defines "written instrument", *inter alia*, as any article containing written or printed matter which is used for the purpose of conveying information or constituting a symbol or evidence of identification which is capable of being used to the advantage of some person. The term "written instrument" was defined broadly by the Legislature to expand the prior case law which had narrowed the breadth of the crime of forgery, and covers every kind of document or other item deemed susceptible of deceitful use as a forged instrument (*see, People v Gottlieb*, 36 NY2d 629, 632; *People v Kirk*, 115 AD2d 758, *affd* 68 NY2d 722). Penal Law article 170 is not limited to instruments affecting the flow of commerce or the pursuit of business (35A NY Jur 2d, Criminal Law, § 4346, at 581-582) and it has been noted that a written instrument includes: " 'every kind of document and other item deemed susceptible of deceitful use in a "forgery" sense, the main requirement being only that it be "capable of being used to the advantage or disadvantage of some person" ' " (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 170.00, at 285, quoting 1964 Staff Notes of NY Law Rev Commn, at 360).

Based on a broad interpretation of the statute, as contemplated by the Legislature, we find that the purported license plate was properly found to be a forged instrument.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.