■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ELLORY BARRETT, Respondent. [668 NYS2d 80] —White, J. Appeal from an order of the County Court of Chemung County (Castellino, J.), entered May 29, 1996, which granted defendant's motion to dismiss the indictment.

Defendant was charged with promoting prison contraband in the first degree in an indictment dated February 29, 1996, after he was allegedly found in possession of a razor blade while an inmate at Elmira Correctional Facility in Chemung County. Defendant was arraigned on March 5, 1996 at which time Steven Forrest was assigned as his counsel and was granted an adjournment for 40 days to make motions. The record reveals that on March 11, 1996, Forrest wrote to defendant confirming a conversation he had with defendant on March 8, 1996, wherein Forrest advised defendant that he could file a motion to dismiss the indictment based on the People's presentation of the case to the Grand Jury without giving defendant an opportunity to testify, but that it was Forrest's understanding that defendant did not wish him to do so. The letter states:

"This letter is to confirm our conversation in person on March 8, 1996 in which you informed me that in early February, 1996, you had sent written notification to the District Attorneys [*sic*] Office asking to appear and to testify before the Grand Jury.

"As I explained to you, you have a right to appear and to testify before the Grand Jury subject to a written execution of a waiver of immunity pursuant to CPL 190.50 (5) (a). As I also explained to you, however, that since the People presented the case without giving you an opportunity to testify before the Grand Jury, I can file a motion on your behalf to dismiss this indictment, without prejudice, but it must be done within 5 days following your arraignment.

"It is my understanding after speaking with you that you do *not* wish me to bring this motion on your behalf, especially since you no longer wish to appear and to testify before the Grand Jury. Consequently, I have honored your wish by *not* filing such a motion and I will attempt to confer with you again after I receive more information pursuant to the Omnibus Motions I have filed on your behalf" (emphasis in original).

Due to Forrest's engagement in a murder trial in another county, he was relieved of his assignment on April 12, 1996 and the matter proceeded to trial on May 28, 1996 with another attorney representing defendant. After jury selection and opening statements, defendant made an oral motion to dismiss the indictment on the ground that he had been denied his right to appear before the Grand Jury. County Court then conducted a brief hearing during which defendant, the only witness, acknowledged receipt of Forrest's letter of March 11, 1996, but contended that he had told Forrest that he did want to testify before the Grand Jury.* The court, after questioning whether defendant received effective assistance of counsel, dismissed the indictment in the interest of justice and in accordance with CPL 190.50 (5) (a) since defendant was not afforded an opportunity to appear before the Grand Jury.

We note that the motion to dismiss was untimely, being well after the five-day limitation set forth in the statute (CPL 190.50 [5] [c]; *see, People v Brown*, 227 AD2d 691, 692, *lv denied* 88 NY2d 980; *People v McMoore*, 214 AD2d 893, *lv denied* 86 NY2d 798, *cert denied* 516 US 1096). Further, the only factors set forth in the record to substantiate a claim of ineffective assistance of counsel were Forrest's busy schedule and defendant's contention that he told Forrest he wished to testify before the Grand Jury, which is belied by Forrest's March 11, 1996 letter to defendant. Under these circumstances, we do not find that Forrest's conduct rises to the level of ineffective assistance of counsel (*see, People v Wiggins*, 89 NY2d 872, 873; *People v Noble*, 231 AD2d 800, 801, *lv denied* 89 NY2d 866; *People v Santiago*, 216 AD2d 175, *lv denied* 86 NY2d 846; *People v Sturgis*, 199 AD2d 549, 550, *lvs denied* 84 NY2d 833, 83 NY2d 858; *People v Lasher*, 199 AD2d 595, *lv denied* 83 NY2d 855). Additionally, there has been no showing of any other compelling factors or circumstances which could be the basis for the dismissal of the indictment in the interest of justice (*see,* CPL 210.40).

In light of the record before us, we find that the dismissal of the indictment was not warranted.

---

* The District Attorney's office had no record of receiving any request to testify from defendant.

Crew III, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, motion denied, indictment reinstated and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision.