■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MATEO, Appellant. [677 NYS2d 187] —Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 3, 1996 in Ulster County, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and aggravated unlicensed operation of a motor vehicle in the first degree.

In August 1995, defendant was indicted for the crimes of assault in the second degree, aggravated unlicensed operation of a motor vehicle in the first degree, two counts of criminal mischief in the second degree, resisting arrest and operating a motor vehicle while ability impaired. In March 1996, defendant pleaded guilty pursuant to a negotiated plea agreement to assault in the second degree and aggravated unlicensed operation of a motor vehicle in the first degree. Defendant was sentenced as a second felony offender to indeterminate terms of imprisonment of 2 to 4 years on the assault conviction and 1¹/₃ to 4 years on the aggravated unlicensed operator conviction, with the sentences to run concurrently. Defendant now appeals.

We affirm. Initially, we reject defendant's contention that he received ineffective assistance of counsel in the initial stages of this proceeding.* In order to succeed on an ineffective assistance of counsel claim, a defendant must show that, viewed in the totality of the circumstances, he or she was deprived of meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147; *People v Hodges*, 246 AD2d 824, 825-826). "A contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with [counsel's] strategies and tactics" (*People v Rivera*, 71 NY2d 705, 708-709; *see, People v Benn*, 68 NY2d 941).

Here, the record reveals that counsel for defendant filed an omnibus motion requesting, *inter alia*, dismissal of the indictment, release of the Grand Jury minutes, completion of discovery, early release of *Rosario* material and a *Sandoval* hearing. Defendant's assertion that the failure to request a probable cause hearing is tantamount to ineffective assistance

---

* Defendant's present counsel was substituted after indictment and prior to defendant's plea and sentencing.

of counsel is unavailing. It is well settled that counsel's failure to make a pretrial motion does not, by itself, establish ineffective assistance (*see, People v Garcia*, 75 NY2d 973, 975; *People v Rivera, supra*, at 709; *see also, People v Hartford*, 217 AD2d 798, 799). In our view, defendant failed to show that his counsel had no legitimate reason to forego the probable cause hearing, so as to rebut the presumption that counsel acted competently (*see, People v Wheeler*, 249 AD2d 774; *People v Bass*, 236 AD2d 651, 652).

We further reject defendant's contentions that counsel's failure to secure an agreement regarding the People's cross-examination of defendant in the Grand Jury and failure to timely move for dismissal of the indictment (*see*, CPL 190.50 [5] [c]) rendered counsel's performance ineffective. A defense counsel's failure to facilitate a defendant's intention to testify before the Grand Jury does not solely give rise to a claim of ineffective assistance of counsel (*see, People v Wiggins*, 89 NY2d 872, 873; *People v Noble*, 231 AD2d 800, *lv denied* 89 NY2d 866). Here, the record reveals that counsel not only facilitated defendant's desire to testify, but, as defendant concedes, he made requests of the People prior to defendant's testimony. Moreover, it has been held that a counsel's failure to timely seek dismissal of the indictment pursuant to CPL 190.50 (5) (c) by itself does not deny a defendant of meaningful representation (*see, People v Hoppe*, 244 AD2d 764, 765, *lv denied* 91 NY2d 973; *People v Thompkins*, 233 AD2d 759, 760; *People v Lasher*, 199 AD2d 595, *lv denied* 83 NY2d 855). In any event, upon our review of the record, we conclude that defendant's testimony was legally sufficient to support the indictment and defendant was not precluded from presenting his side of the case.

Next, we reject defendant's contention that the People violated an agreement not to cross-examine defendant about a previous predicate offense during the Grand Jury proceeding. Upon our review of the record, we conclude that defendant was given a full opportunity to testify to his version of the events before cross-examination and, further, defendant's testimony clearly invited the challenged cross-examination that was designed to seek a full explanation and complete defendant's narrative and which bore on his credibility (*see, People v Gibson*, 241 AD2d 772, *lv denied* 91 NY2d 873). Moreover, by defendant's plea of guilty, he forfeited appellate review of his challenge to the Grand Jury proceedings (*see, People v Di Raffaele*, 55 NY2d 234, 240; *People v Ferrara*, 99 AD2d 257, 259).

Finally, defendant's contention that he was denied his statu-

tory right to a copy of his Grand Jury testimony is unpreserved for appellate review, (see, *People v Rogelio*, 79 NY2d 843, 844) and, in any event, is lacking in merit.

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.