■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE HUTCHINGS, Appellant. [693 NYS2d 469] —Judgment unanimously affirmed. Memorandum: The contention of defendant concerning County Court's *Sandoval* ruling does not survive his plea of guilty (*see, People v Ireland,* 222 AD2d 1007; *People v Gerber,* 182 AD2d 252, 260-261, *lv denied* 80 NY2d 1026; *People v Zangrillo,* 105 AD2d 822). The failure of defense counsel to move to dismiss the indictment pursuant to CPL 190.50 (5) (c) does not, by itself, render counsel's performance ineffective (*see, People v Mateo,* 252 AD2d 821, *lv denied* 92 NY2d 927; *People v Moragne,* 233 AD2d 873, *lv denied* 89 NY2d 1097; *People v Simmons,* 202 AD2d 812, *lv denied* 83 NY2d 915). Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). The court did not abuse its discretion in denying the application of defendant to withdraw his guilty plea (*see, People v Burroughs,* 224 AD2d 1034, *lv denied* 88 NY2d 845; *People v Murray,* 207 AD2d 999,

999-1000, *lv denied* 84 NY2d 1014). During the plea colloquy, defendant stated that he understood the consequences of his plea and admitted committing the crime charged (*see, People v Taylor,* 176 AD2d 1225). Defendant's assertion of innocence at sentencing is unsupported by the record and is insufficient to entitle defendant to withdraw his guilty plea (*see, People v Burroughs, supra,* at 1034-1035). (Appeal from Judgment of Monroe County Court, Bristol, J.—Assault, 1st Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Callahan, JJ.