(September 23, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MYODI D. GALLERIA, Appellant. [696 NYS2d 96] —Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered November 7, 1997 in Ulster County, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

Following a jury trial, defendant was convicted of the crimes of burglary in the second degree and petit larceny. Defendant's CPL 330.30 motion to set aside the verdict was denied. He now appeals from the judgment of conviction, arguing that he was denied the effective assistance of counsel due to the alleged failure of his original assigned defense counsel to secure his right to testify before the Grand Jury. Notably, the failure to make a timely motion to dismiss the indictment is deemed a waiver of a defendant's right to testify before the Grand Jury (*see,* CPL 190.50 [5] [c]; *People v Gonzalez,* 168 AD2d 743, *lv denied* 77 NY2d 906). While a failure on the part of defense counsel to consult with the defendant could establish that the waiver was not knowingly made (*see, People v McMoore,* 203 AD2d 612, 614), there is insufficient information in this record to support defendant's assertion that he expressed a desire to testify before the Grand Jury and there is no indication that defendant sought to develop additional facts by way of a post-judgment CPL 440.10 motion (*see, People v Parker,* 220 AD2d 815, 817, *lv denied* 87 NY2d 1023; *see also, People v Hammock,* 255 AD2d 957, *lv denied* 93 NY2d 899; *People v Speed,* 226 AD2d 1090, *lv denied* 88 NY2d 969; *cf., People v McMoore, supra*).

In any event, were we to assume that defendant did com-

municate such a request to his attorney and was rebuffed, "the failure to move to dismiss an indictment for failure to afford a defendant the opportunity to testify before a Grand Jury, standing alone, is insufficient to demonstrate that a defendant was denied meaningful representation" (*People v Hoppe*, 244 AD2d 764, 765, *lv denied* 91 NY2d 973; *see, People v Mateo*, 252 AD2d 821; *People v Barrett*, 246 AD2d 848, 849). Instead, to prevail on a claim of ineffective assistance of counsel when there is a failure to comply with a defendant's request to testify before the Grand Jury, the defendant must establish that there were no strategic or other legitimate explanations for counsel's failure to pursue this course of action (*see, People v Brown*, 227 AD2d 691, 693, *lv denied* 88 NY2d 980; *see also, People v Garcia*, 75 NY2d 973, 974; *People v Brown*, 232 AD2d 750, 752). Since defendant's claims in this regard are based upon conclusory allegations which lack support in the record, we affirm (*see, People v Sturgis*, 199 AD2d 549, 550, *lvs denied* 83 NY2d 858, 84 NY2d 833; *see also, People v Wiggins*, 89 NY2d 872, 873; *People v Santiago*, 216 AD2d 175; *People v Richardson*, 193 AD2d 969, 970). Moreover, defendant has not demonstrated that counsel's failure to request suppression hearings deprived him of effective assistance of counsel (*see, People v Dragoon*, 256 AD2d 653, *lv denied* 92 NY2d 1048) and, indeed, a *Huntley* hearing was conducted and no prejudice has been shown. Defendant's remaining arguments have been examined and also found to be unpersuasive.

Cardona, P. J., Crew III, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.