Mugglin, J.
Appeal from an order of the County Court of Broome County (Smith, J.), entered July 12, 2002, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.
Following his conviction in March 1995 of the crimes of sexual abuse in the first degree and reckless endangerment in the first degree, defendant was sentenced to consecutive terms of 3 to 6 *713 years in prison (244 AD2d 764 [1997], lv denied 91 NY2d 973 [1998]). Prior to defendant’s release on parole, the Board of Examiners of Sex Offenders recommended to County Court that defendant be classified as a risk level III sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), even though the risk assessment instrument indicated that risk level II was the presumptive category in which defendant should be placed. At the subsequent hearing, which defendant did not attend, County Court followed the Board’s recommendation and classified defendant as a risk level III sex offender. Defendant now appeals.
Defendant initially asserts that clear and convincing evidence was not presented before County Court warranting a departure from the presumptive risk level category indicated by the assessment instrument. Our review of the record reveals an absence of proof indicating the reasons for the recommended departure or the facts and circumstances considered by County Court in adopting the Board’s recommendation. In fact, the People concede that County Court failed to set forth the findings of fact and conclusions of law supporting its decision to classify defendant as a risk level III sex offender as required by Correction Law § 168-n (3). In light of this, the order must be reversed and the matter remitted to County Court for compliance with the statute (see People v Sturdivant, 307 AD2d 382, 382-383 [2003]; People v Lee, 292 AD2d 639, 640 [2002]).
Defendant further contends, and the People concede, that he should have been afforded the right to have counsel present at the hearing. The record does not indicate that defendant was notified of his right to have counsel present at the hearing as required by Correction Law § 168-n (3) or that defendant waived this right. Consequently, this requirement must also be complied with upon remittal.
Mercure, J.P, Peters, Spain and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court’s decision.