Peters, J.R
Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered November 2, 2007, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
Defendant was indicted in September 2006 on three counts of burglary in the second degree and one count each of burglary in the third degree, criminal mischief in the second degree and possession of burglar’s tools, stemming from two separate incidents that occurred in July 2006. In March 2007, defendant moved to dismiss the indictment alleging that he was denied both his right to testify before the grand jury and the effective assistance of counsel. Following a hearing, County Court found that defendant was not deprived of his right to testify or provided ineffective assistance of counsel and denied the motion to dismiss the indictment. Defendant thereafter pleaded guilty to one count of attempted burglary in the second degree in full satisfaction of the indictment and waived his right to appeal. Pursuant to the plea agreement, defendant was subsequently sentenced to a term of imprisonment of 4V2 years with two years of postrelease supervision. Defendant now appeals.
We affirm. Initially we note that “as a rule, a defendant who in open court admits guilt of an offense charged may not later seek review of claims relating to the deprivation of rights that took place before the plea was entered” (People v Hansen, 95 NY2d 227, 230 [2000]). Defects, however, in grand jury proceedings pursuant to CPL 210.35, including, as here, defendant not being afforded an opportunity to testify (see CPL 210.35 [4]), may be raised despite a plea of guilty (see People v Wilkins, 68 NY2d 269, 277 n 7 [1986]).
Defendant contends on appeal that insofar as defense counsel did not meet with him to advise him of when the indictment was to be presented to the grand jury or consult with him concerning testifying at the presentation, he was denied both his right to testify before the grand jury as well as the effective assistance of counsel.* Although failing to make a motion to dismiss an indictment for an alleged violation of defendant’s right to testify before the grand jury within five days of arraign *902 ment on the indictment is deemed a waiver of that right (see CPL 190.50 [5] [c]), the failure of counsel to consult with defendant concerning grand jury testimony could establish that the waiver was not knowingly made (see People v Galleria, 264 AD2d 899, 899 [1999], lv denied 94 NY2d 880 [2000]; People v McMoore, 203 AD2d 612, 614 [1994]).
Counsel testified at the hearing that he did inform defendant of the impending grand jury hearing, discussed his right to testify and the details of his potential testimony and, based on this discussion, advised defendant not to testify. Counsel further testified that defendant chose to heed his advice and therefore no notice of an intent to testify before the grand jury was filed. Although defendant testified to the contrary, this presented a credibility issue for County Court and, based on our review of the record, we find no reason to disturb the court’s determination that defendant was informed of his right to testify and chose not to do so (see generally People v Scott, 29 AD3d 1025, 1027 [2006]; People v Hunter, 270 AD2d 712, 713 [2000]). Accordingly, we find that, by his failure to make a timely motion to dismiss the indictment pursuant to CPL 190.50 (5) (c), defendant knowingly waived his right to testify before the grand jury (see People v McMoore, 214 AD2d 893, 893 [1995], lv denied 86 NY2d 798 [1995], cert denied 516 US 1096 [1996]).
Defendant’s contention that he was denied the effective assistance of counsel is also without merit. His argument is premised on not being advised of his right to téstify before the grand jury and on counsel’s failure to object to what defendant alleges was short notice of the impending presentation of the indictment that did not allow defendant time to discuss legal strategy with counsel. As the failure of counsel to facilitate defendant’s testimony before the grand jury, without more, is insufficient to establish ineffective assistance of counsel, and there is nothing in the record which demonstrates that the outcome would have been different had he testified, defendant was not deprived of the effective assistance of counsel (see People v Simmons, 10 NY3d 946, 949 [2008]; People v Hodges, 246 AD2d 824, 825-826 [1998]).
Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.

 Defendant’s additional argument that the People did not afford him a reasonable time between the CPL 190.50 notice date and the date of the scheduled presentation of the indictment was not raised before County Court on the motion to dismiss and, therefore, is not preserved for review (see People v Brown, 23 AD3d 703, 705 n [2005], Iv denied 6 NY3d 810 [2006]; see also People v Wright, 5 AD3d 873, 874 [2004], Iv denied 3 NY3d 651 [2004]).