Viewing the evidence in the light most favorable to the prose *909 cution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Although the prosecutor improperly elicited testimony which constituted inadmissible hearsay, the grand jury proceeding did not fail to conform to the requirements of CPL article 190 to such a degree that the integrity thereof was impaired and, in view of the sufficiency of the independent, admissible proof which supported the indictment, no prejudice to the defendant could have resulted from the improperly elicited testimony (see People v Miles, 76 AD3d 645 [2010]; People v Read, 71 AD3d 1167, 1168 [2010]; People v Walton, 70 AD3d 871, 873 [2010]).
The defendant contends that the indictment should be dismissed because he was denied his right to testify before the grand jury. A motion to dismiss on that ground must be made within five days after arraignment or it is deemed waived (see CPL 190.50 [5] [c]). Here, the defendant’s motion was made several months after arraignment, well beyond the time limit (see People v Brown, 227 AD2d 691 [1996]; People v McMoore, 214 AD2d 893 [1995], cert denied 516 US 1096 [1996]).
Contrary to the defendant’s contention, “[s]ince the case against [him] consisted of both direct and circumstantial evidence,” he was not entitled to a circumstantial evidence charge (People v Garson, 69 AD3d 650, 651 [2010]; see People v Washington, 45 AD3d 880 [2007]).
The defendant’s remaining contentions, including those raised in his pro se supplemental brief, are without merit. Rivera, J.P., Florio, Chambers and Cohen, JJ., concur.