The People of the State of New York, Respondent,
against
Calvin West, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered November 16, 2014, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered November 16, 2014, affirmed.
Since defendant waived prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). The factual portion of the accusatory instrument alleged, inter alia, that defendant was "operating a [motor] vehicle"; that the officer "took a forged temporary South Carolina license plate from the rear license plate holder of the above mentioned vehicle," a plate that the officer knew was "forged based upon ... [her] training and experience," including that the plate "lacked a vehicle identification number," "the South Carolina state seal" and "a bar code," all of which a "genuine" South Carolina temporary license plate would have had.
Giving these facts "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find that the accusatory instrument sufficiently alleged criminal possession of a forged instrument in the third degree (see Penal Law § 170.20). "[A]s a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]), the information adequately alleged that the plate attached to defendant's vehicle was a forged instrument (see People v Hodges, 246 AD2d 824, 826 [1998]). Likewise, for purposes of our threshold, pleading-stage inquiry, the accusatory instrument, read as a whole, specified sufficient information from which defendant's knowledge and intent could be inferred.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 16, 2018